IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GEOFFREY POLK**,<br><br>        Plaintiff,<br><br>v.<br><br>**ANDREW R. STOLFI**, Director of the Department of Consumer and Business Services,<br><br>        Defendant. | Case No. 3:24-cv-01670-IM<br><br>**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Geoffrey Polk, 7627 Lake Street, Suite 206 #A34, River Forest, IL 60305. Pro se.

Brian Simmonds Marshall, Senior Assistant Attorney General, Oregon Department of Justice, 100 SW Market Street, Portland, OR 97201. Attorney for Defendant.

**IMMERGUT, District Judge.**

Before this Court is Plaintiff Geoffrey Polk's Motion for Summary Judgment ("Mot."), ECF 12. Plaintiff, an attorney representing himself, is a resident of Florida who seeks to obtain a title insurance producer license in Oregon. Plaintiff alleges that O.R.S. 744.062(1)(i) and 744.063(6), which require a person to be a "resident" of Oregon to obtain a title insurance license, are unconstitutional under the Privileges and Immunities Clause of Article IV, Section 2,

PAGE 1 – OPINION & ORDER ON SUMMARY JUDGMENT

of the United States Constitution. Plaintiff further seeks a declaration that these provisions are unconstitutional. Defendant does not oppose Plaintiff's Motion and agrees with Plaintiff that the residency requirement is unconstitutional. Response ("Resp."), ECF 13 at 2. For the reasons given below, Plaintiff's Motion is granted.

## BACKGROUND

Plaintiff Geoffrey Polk is an attorney and a legal resident of Florida currently domiciled in Illinois. Declaration of Geoffrey Polk ("Polk Decl."), ECF 12-1 ¶¶ 4, 7. Plaintiff holds an active resident title producer license in Florida. *Id.* ¶ 5. Plaintiff holds non-resident title producer licenses in Colorado, Georgia, Indiana, Maine, Maryland, Michigan, Minnesota, Montana, Nevada, New Hampshire, New Jersey, North Carolina, North Dakota, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Virginia, West Virginia, Wisconsin, and Vermont, a non-resident title agency qualified principal license in Missouri, and title examination and escrow licenses in Utah. *Id.* ¶ 6.

Plaintiff attempted to apply for an Oregon title insurance license in August 2024. First Amended Complaint ("FAC"), ECF 8-2, Ex. A at 1. An Oregon Department of Consumer and Business Services ("DCBS") employee advised Plaintiff that he was not eligible because he is not an Oregon resident. *Id.* at 9–10. Plaintiff does not reside or have any intention to reside in Oregon. Polk Decl., ECF 12-1 ¶¶ 8–9.

Plaintiff commenced this action on October 1, 2024. Complaint ("Compl."), ECF 1. He alleges that O.R.S. 744.062(1)(i) and 744.063(6) are unconstitutional under the Privileges and Immunities Clause of Article IV, Section 2, of the United States Constitution.[1] FAC, ECF 8 ¶ 16.

---

[1] Plaintiff initially brought an additional claim under the Fourteenth Amendment's Equal Protection Clause, Compl., ECF 1 ¶ 19, but removed that claim in his First Amended Complaint. *See* FAC Redline, ECF 8-1 ¶ 27.

Plaintiff filed the instant Motion on January 24, 2025. ECF 12. Defendant filed a Response, ECF 13, and Plaintiff did not file a reply.

In March 2025, this Court invited amicus briefs from interested parties and organizations and required Defendant to notify any potentially interested parties. Order, ECF 14. Defendant provided notice of this Order to thousands of individuals and entities, including licensed Oregon title insurance producers, recipients of DCBS mailing lists related to insurance and mortgages, organizations representing consumers and businesses who purchase, provide, or rely on title insurance, members of the Oregon State Bar's Real Estate and Land Use Section, and counsel litigating similar issues against Plaintiff in other courts. Notice, ECF 15 at 1–3. No amicus curiae filed a motion for leave to file a brief.

## LEGAL STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor.[2] *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001).

## DISCUSSION

Plaintiff asks this Court to declare O.R.S. 744.062(1)(i) and 744.063(6) unconstitutional in violation of the Privileges and Immunities Clause of the United States Constitution. Proposed

---

[2] Because Plaintiff is an attorney, he is not entitled to the liberal pleading standard ordinarily afforded to pro se parties. *See Huffman v. Lindgren*, 81 F.4th 1016, 1021 (9th Cir. 2023).

Order, ECF 12. This clause provides that the "Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." U.S. Const. art. IV, § 2, cl. 1. "Citizens" in this context is "essentially interchangeable" with residents. *Sup. Ct. of Va. v. Friedman*, 487 U.S. 59, 64 (1988). "The provision was designed 'to place the citizens of each State upon the same footing with citizens of other States, so far as the advantages resulting from citizenship in those States are concerned.'" *Id.* (quoting *Paul v. Virginia*, 75 U.S. (8 Wall.) 168, 180 (1869)).

"A challenge under the Privileges and Immunities Clause entails 'a two-step inquiry.'" *Marilley v. Bonham*, 844 F.3d 841, 846 (9th Cir. 2016) (en banc) (quoting *Friedman*, 487 U.S. at 64). "At step one, the plaintiff bears the burden of showing that the challenged law falls within the purview of the Privileges and Immunities Clause." *Id.* (cleaned up). If successful, "at step two the burden shifts to the state to show that the challenged law is closely related to the advancement of a substantial state interest." *Id.* (citation omitted).

Oregon law excludes nonresident insurance producers from the Oregon title insurance market. Under Oregon law, a person may not sell, solicit, or negotiate title insurance in Oregon without a title insurance producer license. O.R.S. 744.053. Section 744.062(1)(i) explicitly restricts such licenses to "resident[s]" of Oregon: "A license for the class of title insurance may be issued only to a resident insurance producer." Section 744.063(6) further provides: "A license for the class of title insurance may not be issued to a nonresident insurance producer." This Court finds that O.R.S. 744.062(1)(i) and 744.063(6) "plainly and frankly discriminate[] against non-residents." *Toomer v. Witsell*, 334 U.S. 385, 396 (1948).

To assess whether this discrimination violates the Privileges and Immunities Clause, this Court first asks whether "the activity in question is 'sufficiently basic to the livelihood of the

nation . . . as to fall within'" that clause's purview. *Council of Ins. Agents & Brokers v. Molasky-Arman*, 522 F.3d 925, 934 (9th Cir. 2008) (omission in original) (quoting *Friedman*, 487 U.S. at 64). The Ninth Circuit has held that insurance producers fall within the purview of this Clause. *Id.* After all, "one of the privileges which the clause guarantees to citizens of State A is that of doing business in State B on terms of substantial equality with the citizens of that State." *Toomer*, 334 U.S at 396. The ability of a resident of one state to work as a title insurance producer in another state, "like other common callings," *id.* at 403, is therefore a fundamental privilege protected by the Privileges and Immunities Clause.

The second question is whether the residency discrimination is "closely related to the advancement of a substantial state interest." *Molasky-Arman*, 522 F.3d at 934 (quoting *Friedman*, 487 U.S. at 65). A substantial reason for discrimination only exists if "there is something to indicate that non-citizens constitute a peculiar source of the evil at which the statute is aimed." *Id.* (quoting *Toomer*, 334 U.S. at 398). Defendant has not advanced any state interest, *see generally* Resp., ECF 13, and has not presented evidence showing that nonresident title insurance producers constitute any source of harm to Oregon consumers of such insurance. The only discernible purpose of O.R.S. 744.062(1)(i) and 744.063(6) is to protect the financial interest of title insurance producers who reside in Oregon. This "protectionist purpose" is impermissible. *McBurney v. Young*, 569 U.S. 221, 227 (2013).

Moreover, even if nonresident title insurance producers are a "peculiar source of evil," O.R.S. 744.062(1)(i) and 744.063(6) are too broad to be closely related to the advancement of a state interest. If these statutory provisions are an attempt to protect Oregon consumers from unqualified insurance producers, it is "well-established" that "residency does not equate with

professional competence." *Molasky-Arman*, 522 F.3d at 935. In our interconnected world, "state boundaries pose no obstacle" to providing excellent professional services. *Id.* (citation omitted).

The statutory provisions plainly discriminate against nonresident title insurance producers, and there is no legitimate rational basis for this discrimination. This Court concludes that the requirement that a person be an Oregon resident to obtain a title insurance license violates the Privileges and Immunities Clause of Article IV, Section 2 of the United States Constitution. *See Sup. Ct. of N.H. v. Piper*, 470 U.S. 274, 288 (1985) (invalidating residency requirement for bar admission); *Friedman*, 487 U.S. at 61 (invalidating residency requirement for admission to bar on motion); *Molasky-Arman*, 522 F.3d at 937 (invalidating statute precluding nonresident insurance agents from finalizing insurance contracts without a resident agent's countersignature). Plaintiff's Motion for Summary Judgment is granted, and O.R.S. 744.062(1)(i) and 744.063(6) are hereby declared unconstitutional.[3]

Plaintiff does not request injunctive relief, *see generally* FAC, ECF 8, and Mot., ECF 12, and has not moved for a preliminary or permanent injunction. No injunction will be issued.

---

[3] Plaintiff also argues in his brief that the statutes violate "the privileges and immunities clause of the Fourteenth Amendment." Mot., ECF 12 at 3, 10, 12. To the extent Plaintiff asserts a claim based on the Fourteenth Amendment's Privileges *or* Immunities Clause, U.S. Const. amend. XIV, § 1, he failed to allege this claim in the FAC. *See generally* FAC, ECF 8. Regardless, Plaintiff is not entitled to summary judgment on any such claim. The Privileges or Immunities Clause only protects those rights "which owe their existence to the Federal government, its National character, its Constitution, or its laws.'" *McDonald v. City of Chicago*, 561 U.S. 742, 754 (2010) (quoting *Slaughter–House Cases*, 83 U.S. (16 Wall.) 36, 79 (1872)). The right to work as a title insurance producer is not one of those rights.

PAGE 6 – OPINION & ORDER ON SUMMARY JUDGMENT

## CONCLUSION

Plaintiff's Motion for Summary Judgment, ECF 12, is GRANTED. Consistent with this determination, IT IS FURTHER ORDERED AND DECLARED that the residency requirement delineated in O.R.S. 744.062(1)(i) and 744.063(6) violates the Privileges and Immunities Clause of the United States Constitution and is therefore unconstitutional.

**IT IS SO ORDERED.**

DATED this 7th day of May, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
